## IN THE  UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN, JR.,** | : | **CIVIL NO. 1:13-CV-3011** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **DAVID MOSIER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims. As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, and

deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court,  unless the inmate alleges facts showing that he is in imminent damage of serious bodily harm.  28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field.  Jones v. Bock, 549 U.S. 199, 204( 2007)  We discharge this function against the backdrop of the plaintiff's lengthy history of feckless litigation.  The plaintiff in this action, Ralph McClain, is a state prisoner and a prolific litigant, who has acknowledged the filing of multiple lawsuits in federal courts throughout Pennsylvania.  McClain is also a plaintiff with a penchant for leaving litigation half done, as illustrated by the outcome of many of these prior lawsuits, which have frequently been dismissed for failure to prosecute or failure to comply with the Court's directions.[1]  Further McClain is a

---

[1]The following is a summary of the reasons for dismissal some of in those cases:  10-7241 (E.D. Pa.)(dismissed because McClain did not agree to pay the filing fee in installments); 11-164 (W.D. Pa.)(dismissed for failure to prosecute); 11-177 (W.D. Pa.)(dismissed for failure to prosecute); 08-4637 (E.D. Pa.)(dismissed because McClain failed to affirm that he was willing to have the filing fee deducted from his prison account); 09-0922(E.D.Pa.)(dismissed because McClain failed to provide prisoner account statement); 09-0925 (E.D.Pa.)(dismissed because McClain failed to provide prisoner account statement); 09-4631 (3d Cir.) (summary affirming district court); 09-4632 (3d Cir.)(summary affirming district court).  McClain  also has had numerous cases dismissed because he did not file the proper in forma pauperis forms, See 09-691

prodigious, and prodigiously unsuccessful litigant, who has had multiple lawsuits dismissed as frivolous and failing to state a claim upon which relief may be granted.

This history of feckless, fruitless, frivolous litigation now has consequences for McClain.  Upon consideration of this case, we conclude that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g).  Having made these findings, we recommend that the Court grant the motion to revoke McClain's *in forma pauperis* status in this case.

## II.   Statement of Facts and of the Case

On December 17, 2013, the plaintiff, Ralph McClain, a state prisoner who is proceeding *pro se*, commenced this lawsuit.  (Doc. 1.)  McClain's complaint made allegations regarding the use of excessive force, lack of medical care and other retaliatory conduct occurring one year or more prior to the filing of the complaint. (Id.)  Thus, nothing in complaint alleged facts which would give rise to a claim of an imminent threat to McClain's safety, and McClain's motion for leave to proceed *in forma pauperis* did not allege that McClain faced any imminent danger of serious

_____

(W.D.Pa.); 10-0032(W.D.Pa.); 11-1068 (W.D.Pa.); 11-1091 (W.D.Pa.); 11-230 (W.D.Pa.); 11-1289 (W.D.Pa.); and 11-1430 (W.D.Pa.); for failure to file an account statement, See 09-923 (E.D.Pa);  for failure to prosecute, See 10-132 (W.D.Pa.); 10-838 (W.D.Pa.); and for improper venue. See 09-6145 (E.D. Pa); 09-2700 (E.D.Pa.)

physical injury. (Doc. 2.) On the basis of this initial showing the Court provisionally granted McClain leave to proceed *in forma pauperis*, and ordered his complaint served upon the defendants. (Doc. 8.)

The defendants have now moved to revoke McClain's *in forma pauperis* status, (Doc. 14.), citing three prior case dismissals suffered by McClain. (Doc. 21.) In two instances, the dismissals of prior actions brought by McClain were essentially undisputed. For example, in <u>McClain v. Corbett</u>, No. 1:10-CV-1517(M.D.Pa.), the Court dismissed McClain's complaint on March 15, 2011 " for failure to state a claim upon which relief may be granted" under 28 U.S.C. § 1915A(b)(1). Similarly, in <u>McClain v. Cash</u>, No.1:10-CV-2529, the Court dismissed a second complaint filed by McClain on March 23, 2011, noting that: "This action is hereby dismissed under 28 U.S.C. §1915A(b)(1) for failure to state claim upon which relief [m]ay be granted."

While McClain disputed whether several other dismissals initially cited by the defendants counted as putative strikes, the defendants have now supplemented their motion by identifying a third putative strike in <u>McClain v. Davis</u>, 1:12-CV-352 (M.D.Pa.), a case in which the district court adopted a Report and Recommendation on November 13, 2012, which recommended the dismissal of a complaint filed by

4

McClain, both for failure to prosecute and because the complaint failed to state a claim upon which relief may be granted.

Furthermore, our own review of McClain's voluminous dockets has identified at least one other putative strike.  In <u>McClain v. Walsh</u> 1:12-CV-265 we were called upon to assess the legal sufficiency of a complaint in which:  "McClain, who states that he wishes to be referred to as Capachino J. Capone, makes religious dietary demands, and requests that the court direct prison officials to provide him with hearty meals totaling 'no less than 3,500 calories ... per 24 hour period.' (<u>Id</u>.)  McClain also invites us to order prison officials to provide him with 'reasonable accommodations for plaintiff to engage in sacred coital Royal Majestic rituals with plaintiff's Royal Majestic harem consorts, physically, spiritually and psychicly [sic].' (<u>Id</u>.)"<u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149, *2 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted</u>, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012). Finding that "the plaintiff's assertions against the defendants in this complaint fail to allege a colorable claim under the Constitution" we recommended dismissal of this action with prejudice, a recommendation that the district court adopted on November 5, 2012.  <u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted,</u> 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012).

It is against this backdrop, where McClain has filed numerous frivolous lawsuits culminating in 2012 with an unsuccessful attempt to assert a constitutional right to indulge in " 'sacred coital Royal Majestic rituals with plaintiff's Royal Majestic harem consorts, physically, spiritually and psychicly,' . . . a request for contact visitation with a broad class of person described by McClain as 'plaintiff's sacred and Majestic harem and/or earth bound celestial goddesses and/or priestessesque [sic] women with divine and/or saintly qualities,' " <u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149, *10 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted,</u> 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012), that we now consider the motion to revoke McClain's *in forma pauperis* status.  For the reasons set forth below, it is recommended that the defendants' motion to revoke McClain's *in forma pauperis* status be granted.

## II.   DISCUSSION

### A.   28 U.S.C. §1915(g)– The Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like McClain who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A.  One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," <u>Jones v. Bock</u>,  549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused

6

this privilege in the past are not permitted to persist in further *in forma pauperis*

litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides

in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring

frivolous prisoner filings in the federal courts [a goal which] falls within the realm

of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19

(3d Cir. 2001).  With this goal in mind, it is well-settled that, "generally, a prisoner

may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he

brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia,

331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such

lawsuits *in forma pauperis* should have their complaints dismissed.  Id.

In determining whether a particular inmate-plaintiff has had three prior

dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's

prior litigation history at the time he filed the current lawsuit.  Thus, only dismissals

which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)."  Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007).  However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting.  Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  Id.  Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint

8

reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014).

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff. As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Thus, a summary judgment dismissal of an action typically will not count as a strike

under §1915(g), unless the summary judgment decision, on its face, dismissed the action as frivolous malicious or for failure to state a claim.  Parks v. Samuels, 540 F. App'x 146, 150 (3d Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (en banc).

Further, by its terms, §1915(g):

> [S]peaks of possible strikes only in terms of "an action or appeal ... that was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g). Thus, "[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999).  Also, . . . , "[t]he choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship," but rather may be "most plausibly understood as a reference to section 1915(e)(2), which requires the court to '*dismiss* the case at any time if the court determines that ... the action *or appeal* ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.' " Thompson, 492 F.3d at 436 (emphasis and alterations in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(I), (e)(2)(B)(iii)). Therefore, a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike.

> Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014).

Finally, the dismissal of a case without prejudice may nonetheless qualify as a strike under §1915(g), provided that the other requirements of the statute are met and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails

to state a claim." <u>Childs v. Miller</u>, 713 F.3d 1262, 1266 (10th Cir. 2013); <u>Smith v. Veterans Admin.</u>, 636 F.3d 1306, 1313 (10th Cir. 2011); <u>Day v. Maynard</u>, 200 F.3d 665, 667 (10th Cir.1999) (per curiam).  However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless that dismissal also entails a finding that the complaint is "frivolous," "malicious," or "fails to state a claim."  <u>Butler v. Dep't of Justice</u>, 492 F.3d 440, 441 (D.C. Cir. 2007) <u>holding modified by</u> <u>Mitchell v. Fed. Bureau of Prisons</u>, 587 F.3d 415 (D.C. Cir. 2009); <u>Thompson v. Drug Enforcement Admin.</u>, 492 F.3d 428, 433 (D.C. Cir. 2007)(declining to adopt "hypertechnical" approach to counting strikes where record revealed that dismissal for failure to prosecute also entailed finding of frivolousness). This approach to assessing strikes is wholly consistent with settled Third Circuit jurisprudence governing dismissal of actions for failure to prosecute, jurisprudence which compels courts to conduct an assessment of the meritoriousness of the claim as part of any dismissal analysis.  <u>See</u> <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir.1984).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless

the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute.  But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing.  The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).  The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

Further, "[i]n making this imminent danger assessment, '[a] court need not accept all allegations of injury made pursuant to § 1915(g).  To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' <u>Gibbs v. Cross</u>, 160 F.3d 962, 967 (3d Cir.1998) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992))." <u>Brown v. City Of Philadelphia</u>, 331 F. App'x at 900.  "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " <u>Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania</u>, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011).  Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir.2002)." <u>Banks v. Crockett</u>, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007). <u>Kelly v. Bush</u>, 1:12-CV-1245, 2012 WL 4017995 (M.D. Pa. July 2, 2012) <u>report and recommendation adopted,</u> 1:12-CV-1245, 2012 WL 4017998 (M.D. Pa. Sept. 12, 2012), <u>appeal dismissed </u>(Nov. 20, 2012.)

13

### B.   Application of §1915(g)'s Three Strike Rule  to This Lawsuit

Applying these legal benchmarks, we find that the court record shows that McClain has presently incurred three or more strikes.

At the outset, it is entirely undisputed that McClain has incurred two strikes in the dismissals of his complaints in <u>McClain v. Corbett</u>, No. 1:10-CV-1517(M.D.Pa.) and <u>McClain v. Cash</u>, No.1:10-CV-2529.   In both of these instances, the Court dismissed McClain's complaint " for failure to state a claim upon which relief may be granted"  under 28 U.S.C. § 1915A(b)(1).  The Court's explicit reference to 28 U.S.C. § 1915A(b)(1) as the grounds for dismissal makes it unmistakably clear that these two dismissals count as strikes under 28 U.S.C. §1915(g).  <u>See</u> <u>Byrd v. Shannon</u>, 715 F.3d 117, 126 (3d Cir. 2013).

McClain has also suffered two dismissals for failure to prosecute, each of which also entailed an express finding of the lack of  merit in his *pro se* complaint as required by <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir.1984). <u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149, *10 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted</u>, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012); <u>McClain v. Davis</u>, 1:12-CV-352 (M.D.Pa.)  In both instances, we concluded that McClain's complaint failed to state a claim upon which relief may be

granted, and the district court adopted these findings when it dismissed these complaints.

Upon reflection, we agree that these two dismissals should also count as strikes against McClain.  In particular, we note that <u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149, *10 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted</u>, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012) is the very paradigm of a frivolous lawsuit.  In this case, "McClain, who state[d] that he wish[ed] to be referred to as Capachino J. Capone, [made] religious dietary demands, and request[ed] that the court direct prison officials to provide him with hearty meals totaling 'no less than 3,500 calories ... per 24 hour period.' (<u>Id</u>.)  McClain also invite[d] us to order prison officials to provide him with 'reasonable accommodations for plaintiff to engage in sacred coital Royal Majestic rituals with plaintiff's Royal Majestic harem consorts, physically, spiritually and psychicly [sic].' " <u>McClain v. Walsh</u>, 1:12-CV-265, 2012 WL 5388149 *1 (M.D. Pa. Oct. 12, 2012) <u>report and recommendation adopted</u>, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012).  It would be difficult to conceive of a claim more frivolous and less lacking in merit than McClain's demands for "reasonable accommodations for plaintiff to engage in sacred coital Royal Majestic rituals with . . . plaintiff's sacred and Majestic harem and/or earth bound celestial goddesses and/or priestessesque [sic] women with divine and/or saintly

qualities." McClain v. Walsh, 1:12-CV-265, 2012 WL 5388149, *8 (M.D. Pa. Oct. 12, 2012) report and recommendation adopted, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012).  Likewise, we found that "McClain's demand for hearty meals totaling 'no less than 3,500 calories ... per 24 hour period,' (Doc. 14.), casts doubts upon the religious nature of his dietary preferences.  While many religions may prescribe dietary choices and practices for their adherents, McClain has identified no article of faith in any religion that mandates large portions for the faithful at mealtime.  In short, McClain's caloric demands and insistence upon hearty meals strongly suggest that this dietary demand is driven by secular, rather than sacred, concerns.  Therefore, to the extent that McClain seeks to cloak his caloric intake demands in the trappings of religion, his claims fail." McClain v. Walsh, 1:12-CV-265, 2012 WL 5388149, *9 (M.D. Pa. Oct. 12, 2012) report and recommendation adopted, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012).  In reaching these findings, which were adopted by the district court, we expressly followed the analytical paradigm defined by Rule 12(b)(6), one of the settled legal bases for a dismissal which constitutes a strike under §1915(g).  See Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).  We also concluded that McClain's complaint "fail[ed] to allege a colorable claim under the Constitution," suffered from "legal bankruptcy," and found that "the current complaint fails to state a viable civil rights cause of

action, [and] the factual and legal grounds proffered in support of this complaint make it clear that he has no right to relief." McClain v. Walsh, 1:12-CV-265, 2012 WL 5388149, *12 (M.D. Pa. Oct. 12, 2012) report and recommendation adopted, 1:12-CV-265, 2012 WL 5395823 (M.D. Pa. Nov. 5, 2012).

These findings, which were adopted by the district court, plainly defined this lawsuit as a claim that was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. §1915(g). Therefore, this dismissal also counts as a strike against McClain, constitutes a third strike against McClain, and would permit revocation of McClain's leave to proceed in *forma pauperis*.

## IV.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to revoke the plaintiff's leave to proceed in *forma pauperis* (Doc. 14.) be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set

17

forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of May, 2014.

_**S/Martin C.  Carlson**_
Martin C. Carlson
United States Magistrate Judge